# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DAVID ZIMMERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-20-1251-F |
| ) | |
| KEITH DALE, a/k/a "Deputy Dale" in ) | |
| his individual capacity, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

### Introduction

This action brings claims under 42 U.S.C. § 1983. Doc. no. 1, ¶¶ 6, 7. Plaintiff Zimmerman alleges that defendant Keith Dale, employed as the undersheriff by the Woods County Sheriff's Office (*id*. at ¶3), made false statements to law enforcement officials. Specifically, the complaint alleges that on December 11, 2018, Dale made false statements in a search warrant affidavit which was presented to a Woods County district judge. *Id*. at ¶ 11. The complaint alleges the resulting search led to an indictment against Zimmerman as a "Prohibited Person in Possession of Ammunition" in violation of 18 U.S.C. §922(g)(8). *Id.* at unnumbered paragraph, p. 13. The complaint also alleges that on February 19, 2018, Dale made false statements to an officer in the Enid Police Department (*id.* at ¶ 27), resulting in charges against Zimmerman for "Child Abuse by Injury" per 21 O.S. §843.5(A)(B). *Id*. at ¶ 36. The complaint alleges that after Dale's false statements were disclosed,

the federal and state charge were dismissed. *Id.* at ¶ 37 (state charge), unnumbered paragraph, p. 13 (federal charge).[1]

## Motions

Two motions to dismiss are before the court. The motions are brought under Rule 12(b)(6), Fed. R Civ. P. In the first motion, Woods County Sheriff's Office and the Board of County Commissioners of the County of Woods seek dismissal as to claims. Doc. no. 10.[2] In the second motion, Dale, who is sued in his individual capacity only, moves for dismissal from the §1983 conspiracy claim alleged in the fourth cause of action. Doc. no. 12.[3]

The motions will be granted for the reasons stated below.

## Standards

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id*. Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal

---

[1] In addition, the complaint alleges that certain misdemeanor drug-related charges remain pending. Doc. no. 1, ¶ 17(b).

[2] Response brief, doc. no. 13; reply brief, doc. no. 15.

[3] Response brief, doc. no. 14; reply brief, doc. no. 15.

conclusions can provide the framework of a complaint, they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S.662, 664 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. The court will disregard mere "labels and conclusions" and "[t]hreadbare recitals of the elements of a cause of action" to determine if what remains meets the standard of plausibility. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Motion to Dismiss by Woods County Sheriff's Office

And the Board of County Commissioners

In proposition I of its motion, the Woods County Sheriff's Office argues it is not a legal entity subject to suit. Plaintiff's response brief concedes this issue. Accordingly, the motion to dismiss will be granted with respect to the Woods County Sheriff's Office.

In proposition II, the Board of County Commissioners (the Board) argues it is not a proper defendant with respect to the § 1983 claims alleged in this action. Plaintiff's response brief concedes that he cannot, at this time, allege facts to support a § 1983 conspiracy claim (the fourth cause of action) against the Board. The only other claim which could conceivably be construed as alleged against the Board is the second cause of action. Plaintiff makes no response to the Board's argument for dismissal from the second cause of action. Accordingly, to the extent the complaint should be construed as naming the Board as a defendant with respect to the second cause of action, plaintiff has implicitly conceded dismissal of the Board from this

claim.[4] As plaintiff has conceded that the complaint fails to state a claim against the Board in the only two claims in which the Board is arguably a defendant, the court will grant the Board's motion for dismissal from this action.

The above rulings moot the arguments made in propositions III, IV and V of the motion. These propositions need not be addressed except in one respect. Proposition V argues that plaintiff cannot maintain a claim for punitive damages against either of the movants. Plaintiff, in response, states that he only seeks punitive damages against parties who are individuals. Doc. no. 13, p. 5. To the extent that the complaint should be construed as seeking punitive damages from defendants that are not individuals (*see*, *e.g.*, doc. no. 1, ¶ 75), such claims will be dismissed with prejudice, based on plaintiff's statement that he seeks no such damages.

## Motion to Dismiss by Keith Dale

In proposition I of his moving brief, Dale argues he should be dismissed from the § 1983 conspiracy claim (the fourth cause of action) because the allegations are merely conclusory with respect to this claim.

Plaintiff points out that the fourth cause of action incorporates the other allegations. *See*, doc. no. 1, ¶ 71. Among these other allegations, plaintiff's response brief focuses on the allegations that pertain to the Doe defendants. The Doe defendants have not been identified or served and have not moved for dismissal. Accordingly, the court interprets plaintiff's focus on allegations related to the Doe defendants as an effort by the plaintiff to show that a plausible conspiracy claim has been alleged against Dale based on Dale's interactions with one or more Doe defendants.

---

[4] *See*, LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed.").

Specifically, plaintiff relies on paragraphs 13, 14, 18 and 19 of the complaint. Doc. no. 14, pp. 3-4. Paragraphs 13 and 14 allege that in Dale's affidavit used to secure a search warrant of plaintiff's residence (plaintiff disputes it was a residence), Dale swore he had learned from some unnamed source that plaintiff was hosting a party at his residence (¶ 13), and Dale swore that he, Dale, had spoken with a campus police officer (Blake Trekell) who told Dale a student (Landon Krueger) had been pistol-whipped at a party at plaintiff's residence (¶14). Paragraphs 18 and 19 allege that these and other statements made in Dale's affidavit were knowingly false.

To allege a § 1983 conspiracy, a complaint must allege facts sufficient to show an agreement and concerted action among the defendants to deprive plaintiff of his constitutional rights. Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998).[5] Here, the allegations relied on by plaintiff, addressed above, indicate that Dale spoke with others before making representations in his search warrant affidavit. The allegations, however, do not show an agreement and concerted action among Dale and others to deprive plaintiff of his constitutional rights. Nor has the court's review of the complaint disclosed any allegations sufficient for that purpose.

Accordingly, the complaint fails to state a §1983 conspiracy claim against Dale, and Dale's motion will be granted as to this claim (the fourth cause of action).

Proposition II of Dale's brief asserts qualified immunity as an alternative ground for Dale's dismissal from the conspiracy claim.

When qualified immunity is raised at the Rule 12(b)(6) stage, it is the defendant's conduct as alleged in the complaint that is scrutinized. *See*, Doe v.

---

[5] In Tonkovich, allegations that faculty members met with administrators, then signed a letter soliciting complaints about the plaintiff from students, were not enough to show the faculty members were acting in concert with the administrators to deprive Tonkovich of his constitutional rights. 159 F.3d at 533. (Tonkovich addresses these issues in the context of defendants' qualified immunity argument. The court found that Tonkovich had failed to carry his burden of alleging facts necessary to support his § 1983 conspiracy claim. *Id.*)

Woodard, 912 F.3d 1278, 1288 (10th Cir. 2019), citing Behrens v. Pelletier, 516 U.S. 299, 309 (1996). Thus, it is the pleadings, not the evidence or actual facts, that determine the issue. Moreover, when a defendant asserts qualified immunity at the pleadings stage, the court must allow plaintiff an opportunity to come forward with either alleged facts, or proposed amended factual allegations, which show both that the defendant's alleged conduct violated the law, and that the law in question was clearly established when the alleged violation occurred. Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir. 1988). Unless such a showing is made, the defendant prevails on his qualified immunity defense. *Id*.

The court has already determined that the complaint, as it stands, does not allege a plausible § 1983 conspiracy claim against Dale. In addition, plaintiff has had an opportunity to propose, in his response brief, any factual allegations he might add to his complaint to support a § 1983 conspiracy claim against Dale. Plaintiff's response brief improperly embeds requests for leave to amend,[6] but his brief makes clear that he currently has no additional facts to allege.

Plaintiff has not carried his burden in response to Dale's invocation of qualified immunity on the § 1983 conspiracy claim. Dale is therefore entitled to qualified immunity with respect to this claim as currently alleged. This ruling constitutes an alternative basis for dismissing Dale from the fourth cause of action.

## Conclusion

The motions to dismiss are **GRANTED** under Rule 12(b)(6), Fed. R. Civ. P., as follows. Doc. nos. 10, 12.

The Woods County Sheriff's Office is **DISMISSED** from this action with prejudice.

---

[6] *See*, LCvR7.1(c) (response brief may not include a motion by the responding party).

The Board of County Commissioners of the County of Woods is **DISMISSED** from this action without prejudice.[7]

Keith Dale is **DISMISSED** without prejudice from the § 1983 conspiracy claim alleged in the fourth cause of action.

To the extent the complaint seeks punitive damages from any defendants that are not individuals, such punitive damages claims are **DISMISSED** with prejudice.

Finally, the court notes that plaintiff's response brief indicates, several times, that plaintiff intends to amend to remove the Woods County Sheriff's Office and the Board of County Commissioners from this action, to remove Dale from the fourth cause of action, and to withdraw claims for punitive damages against defendants that are not individuals. These changes are effected by this order. Accordingly, no amendments are necessary for these purposes.

IT IS SO ORDERED this 5th day of May, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1251p002.docx

---

[7] The dismissals with respect to the Board and Dale are without prejudice, in deference to plaintiff's argument that he may be in a position to move for leave to amend at a later date